[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT VANGUARD FIDUCIARY TRUST COMPANY'S MOTION TO DISMISS (No. 105).
This motion to dismiss leads this court once again "into the quagmire of ERISA law." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 233, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103
(1997). The specific question presented is whether state law claims of breach of fiduciary duty and violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a, et seq., are preempted by the Employee Retirement Income Security Act of 1974 (ERISA),29 U.S.C. § 1001, et seq., in the context of an assertedly misleading loan from a retirement plan to a participant. For the reasons stated below, the answer to this question is in the negative.
No evidence was presented at the hearing on the motion to dismiss. Under these circumstances, the question of preemption must be decided on the basis of the allegations contained in the complaint. The plaintiff, Paul J. Stankewich, alleges that in 1999 he was a participant in the defendant Bergman, Horowitz Reynolds, P.C. Section 401(k) Profit Sharing Plan ("Plan"). The co-defendant, Vanguard Fiduciary Trust Co. ("Vanguard"), is the trustee of the Plan. Stankewich applied for a loan CT Page 4280 from the Plan in the amount of $14,500. In order to process his application, the Plan required him to execute a promissory note in that amount. Stankewich claims that Vanguard unilaterally changed the amount of the loan to $14,056.57 without notice to him and despite the terms of his note.
Stankewich commenced this action later in 1999. He is the sole plaintiff Vanguard and the Plan are named as the defendants. His complaint consists of three counts. The first count, which is not in issue here, alleges a violation of the federal Truth in Lending Act,15 U.S.C. § 1601, et seq. The second count alleges breach of fiduciary duty. That count specifically alleges that, "Vanguard violated its fiduciary duty to plaintiff by processing a loan in violation of federal truth in lending laws and liquidating Plaintiff's assets in the plan upon terms different than disclosed to and agreed by Plaintiff." The third count alleges a CUTPA violation arising from the same allegations.
On May 25, 2000, Vanguard filed the motion to dismiss now before the court. The motion contends that the second and third counts of the complaint are preempted by ERISA. (The motion does not address the first count.) The motion was heard on March 26, 2001.
ERISA's pre-emption clause states that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. This brief statutory provision has given rise to over a quarter century of explanatory jurisprudence with no end in sight. "Although early attempts by the Supreme Court to interpret ERISA's preemption clause relied heavily upon textual analysis and a dictionary definition of `relate to,'see Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 . . . (1983) . . . the Court's more recent decisions have moved away from this form of `uncritical literalism.' Calfornia Div. of Labor Standards Enforcementv. Dillingham Constr., NA., Inc., [519] U.S. [316, 325] (1997)." PlumbingIndustry Board v. E.W. Howell Co., 126 F.3d 61, 66 (2d Cir. 1997).
New York State Conf. of Blue Cross Blue Shield Plans v. TravelersIns. Co., 514 U.S. 645 (1995), marks something of a watershed in ERISA jurisprudence. Prior to Travelers, the Court took an expansive view of the pre-emption clause. Travelers, however, "indicated a retreat from preemption." Napoletano v. CIGNA Healthcare of Connecticut, Inc. supra,238 Conn. at 238 n. 22. ERISA pre-emption has by no means disappeared, but it has become considerably more nuanced. Under the Supreme Court's current jurisprudence, "unless congressional intent to preempt clearly appears, ERISA will not be deemed to supplant state laws in areas traditionally regulated by the states." Carpenters Local Union No. 26 v.United States Fidelity Guaranty Co., 215 F.3d 136, 139-40 (1St. Cir. CT Page 4281 2000).
The Supreme Court has recently summarized the law pertaining to ERISA's pre-emption clause as follows:
 We have observed repeatedly that this broadly worded provision is "clearly expansive." New York State Conference of Blue Cross Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995). . . . But at the same time, we have recognized that the term "relate to" cannot be taken "to extend to the furthest stretch of its indeterminancy," or else "for all practical purposes preemption would never run its course. Travelers, supra, at 655.
 We have held that a state law relates to an ERISA plan "if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983). . . . Acknowledging that "connection with" is scarcely more restrictive than "relate to," we have cautioned against an "uncritical literalism" that would make preemption turn on "infinite connections." Travelers, supra, at 656. Instead, "to determine whether a state law has the forbidden connection, we look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." California Div. Of Labor Standards Enforcement v. Dillingham Constr., NA., Inc., 519 U.S. 316, 325
(1997), quoting Travelers, supra, at 656 (citation omitted).
Egelhoff v. Egelhoff, No. 99-1529, slip op. at 4-5 (U.S. March 21, 2001). Egelhoff draws a critical distinction between "generally applicable laws regulating `areas where ERISA has nothing to say,'Dillingham, 519 U.S., at 330, which we have upheld notwithstanding their incidental effect on ERISA plans," and state laws "govern[ing] . . . central matter[s] of plan administration" or "interfer[ing] with nationally uniform plan administration." Egelhoff supra, slip op. at 5-6.
In this case, as in Napoletano, the essence of the plaintiffs claim does not "relate to the administration of employee benefit plans."238 Conn. at 243. It is true, as Vanguard points out, that transactions between plans and their participants are regulated by ERISA.29 U.S.C. § 1106 1108. The statutory provisions just cited, CT Page 4282 however, primarily address the status of the individuals dealt with by qualified plans. For example, 29 U.S.C. § 1108 (b)(1)(A) requires loans made by plans to participants to be "available to all such participants and beneficiaries on a reasonably equivalent basis." Loans must also bear reasonable rates of interest and be adequately secured.29 U.S.C. § 1108 (b)(1)(D) (E). Stankewich's claims are based on state laws of general applicability and interfere with none of these requirements.
The requirement of 29 U.S.C. § 1108 (b)(1)(C) that plan loans to participants be "made in accordance with specific provisions regarding such loans set forth in the plan" raises somewhat more serious storm clouds on the horizon. Because the parties declined to present evidence at the hearing, the specific provisions of the plan are not contained in the record. It is possible that once those provisions are placed in evidence, today's decision may have to be revisited. The court cannot, however, base its decision on speculation. Stankewich makes no assertion that the loan in question violated the plan's provisions, and Vanguard makes no assertion that the questionable features of that loan were authorized by those provisions. The essence of Stankewich's complaint is that the Plan made him sign a note in one amount and then lent him a smaller amount without telling him that it was doing so. Neither any provision of ERISA and nor any known provision of any qualified plan authorize misleading conduct of this description.
The essence of Stankewich's claim invokes "generally applicable laws regulating `areas where ERISA has nothing to say.'" Egelhoff v. Egelkoffsupra, slip op. at 5-6. Under current law, challenges of this description are "upheld notwithstanding their incidental effect on ERISA plans." Id. at 6.
The motion to dismiss is denied.
Jon C. Blue Judge of the Superior Court